**Andres IGLESIAS, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**No. 85 Civ. 8183 (MGC).**

United States District Court,
S.D. New York.

April 29, 1987.

Jillson, Bedford & Hoppen, by William Hoppen, New York City, for plaintiff; Nathaniel F. Bedford, Robert M. Willan, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. by Susan P. Johnston, Asst. U.S. Atty., New York City, for defendant.

CEDARBAUM, District Judge.

The parties have filed cross-motions for summary judgment on plaintiff's claim for a refund of income tax paid on the prejudgment interest included in the damage judgment recovered by plaintiff for the conversion of his tax exempt property. For the reasons discussed below, plaintiff's motion for summary judgment is granted, and defendant's is denied.

BACKGROUND

In 1965 and 1966, plaintiff Andres Iglesias ("Iglesias"), a citizen and resident of Bolivia, purchased shares in a Netherlands' Antilles' mutual fund ("NAMF"). All income from the NAMF shares was exempt from United States taxation.

Iglesias pledged to First National City Bank (now known as "Citibank") some of his NAMF shares as security for obligations of Diveco, a Bolivian corporation that he and members of his family owned. Citibank sold all of Iglesias' NAMF shares to satisfy certain Diveco liabilities to Citibank. Plaintiff prevailed in a lawsuit against Citibank for wrongfully converting his NAMF shares. *Iglesias v. First National City Bank (New York)*, No. 73 Civ. 2369 (S.D.N.Y. June 21, 1979), *aff'd*, No. 75–7581 (2d Cir. December 14, 1979). He

recovered damages from Citibank totalling $324,344.70, of which $106,429.91 represented prejudgment interest. Under protest, plaintiff paid United States income tax of $47,928.97 on the interest portion of the judgment, and simultaneously applied for a refund. This suit was instituted to recover the $47,928.97 in income tax that plaintiff paid, plus interest.

Both parties agree that Iglesias, as a nonresident alien, was subject to American income tax only on income from sources within the United States. 26 U.S.C. § 872. It is also undisputed that the applicable statute for the definition of interest income from sources within the United States is 26 U.S.C. § 861(a):

> (a) Gross income from sources within the United States.—The following items of gross income shall be treated as income from sources within the United States:
>
> (1) Interest.—Interest from the United States or the District of Columbia, and interest on bonds, notes, or other interest-bearing obligations of residents, corporate or otherwise....

26 U.S.C. § 861(a)(1). The corresponding Treasury Regulation provides, in pertinent part:

> Interest.
>
> (a) In general. (1) Gross income consisting of interest from the United States or any agency or instrumentality thereof ...a state or any political dubdivision thereof, or the District of Columbia, and interest from a resident of the United States on a bond, note, or other interest-bearing obligation issued or assumed by such person shall be treated as income from sources within the United States. Thus, for example, income from sources within the United States includes interest received on any refund of income taxes imposed by the United States, a State or any political subdivision thereof, or the District of Columbia. Interest other than that described in this paragraph is not to be treated as income from sources within the United States.

Treas. Reg. § 1.861–2(a)(1)

Plaintiff argues that since neither 26 U.S.C. 861(a)(1) nor the Treasury Regulation describes interest contained in a judgment against a resident of the United States, such interest is not to be treated as income from sources within the United States. Defendant argues that when the judgment was entered against Citibank, a United States resident "assumed" an "interest-bearing obligation" within the meaning of the Treasury Regulation. Defendant also asserts that the prejudgment interest contained in that judgment is "interest on" the same "interest-bearing obligation."

No court has squarely addressed the issue raised by these cross-motions. *Commissioner v. Raphael*, 133 F.2d 442 (9th Cir.1943), *cert. den.*, 320 U.S. 735, 64 S.Ct. 34, 88 L.Ed. 435 (1943), on which defendant relies for the general proposition that prejudgment interest is taxable, dealt with the fraudulent sale of taxable real estate, income from which would have been taxable in any event, and not the conversion of tax-exempt property, the income from which would not be otherwise taxable.

Basically, defendant argues that since Citibank paid the judgment, the prejudgment interest literally came from a source within the United States, and is therefore taxable. Plaintiff's essential position is that if Citibank had not wrongfully converted the NAMF shares, the income from those shares would not have been subject to tax in the United States. Plaintiff argues that since the interest in question "represented in fact and law ...the converted non-taxable dividends," it should also be non-taxable. (Pl. Br. at 2). If the wrongful conversion transformed otherwise tax-exempt income into taxable income, the innocent victim would be unfairly penalized for the wrongful conduct of the converter.

Defendant offers no policy reason, and I can find none, for straining the statutory language to reach such an unjust result. The language "interest-bearing obligations of residents" does not in terms or in the context of 26 U.S.C. § 861(a)(1) mean a judgment against a resident which includes prejudgment interest. If Congress had intended to tax the otherwise exempt

income of non-resident aliens when the income was misappropriated by a United States resident, it would not have used the language of 26 U.S.C. 861(a)(1). Plaintiff's motion for summary judgment is granted. Defendant's cross-motion is denied.

The Clerk is directed to enter judgment accordingly.

SO ORDERED.